UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
PATRICIA DE FILIPPIS,

              Plaintiff,

    -against-

DEUTSCHE INVESTMENT
MANAGEMENT AMERICAS, INC.,

              Defendant.
---------------------------------------------------------- X

Case No. 1:17-cv-06231

**ANSWER TO COMPLAINT**

Defendant, DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC., ("DIMA" or "Defendant") by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Plaintiff's Complaint, states as follows:

## Nature of the Action

1. DIMA denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring claims under the Equal Pay Act of 1963 ("EPA") and the New York Labor Law ("NYLL") for discrimination on account of sex in the payment of wages, and under the New York City Human Rights Law ("NYCHRL") for age and sex discrimination.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA admits that Plaintiff purports to invoke this Court's subject matter jurisdiction.

3. The allegations contained in Paragraph 3 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA admits that Plaintiff purports to invoke this Court's supplemental jurisdiction.

4. The allegations contained in Paragraph 4 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA admits that Plaintiff purports to invoke this Court's diversity jurisdiction. DIMA lacks sufficient knowledge or information to admit or deny that parties are citizens of different states. DIMA denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA admits that Plaintiff purports to invoke this Court's personal jurisdiction and admits that its principal place of business is at 345 Park Avenue, New York, NY 10154.

6. The allegations contained in Paragraph 6 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA admits that Plaintiff purports to invoke the United States District Court for the Southern District of New York as the appropriate venue for this case. DIMA denies the remaining allegations contained in Paragraph 6 of the Complaint.

## THE PARTIES

7. DIMA lacks sufficient knowledge or information to admit or deny Plaintiff's age or place of domicile.

8. DIMA denies the allegations contained in Paragraph 8 of the Complaint except admits that DIMA, which is a corporation duly organized and existing under and by virtue of the laws of the state of Delaware, with its principal offices located at 345 Park Avenue, New York, NY 10154, is a wholly owned subsidiary of Deutsche Asset Management US Holding Corporation, which is wholly owned by Deutsche Asset Management USA Corporation, which is held 9% by DB US Financial Markets Holding Corporation and 91% by Deutsche Bank

Americas Holding Corp., both of which are wholly owned by DB USA Corporation which is wholly owned by Deutsche Bank Aktiengesellschaft, the parent company.

## THE FACTS

9. DIMA denies the allegations contained in Paragraph 9 of the Complaint except admits that at the time of her termination, Plaintiff was a Director at DIMA. DIMA lacks sufficient knowledge or information to admit or deny Plaintiff's age or her status as an attorney.

10. DIMA lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. DIMA denies the allegations contained in Paragraph 11 of the Complaint except avers that Plaintiff began her employment with Defendant in or around June 2005 as Counsel in the Legal Department and that Plaintiff became a Director in or around February 2012.

12. DIMA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff received salary increases during her employment with DIMA.

13. DIMA denies the allegations contained in Paragraph 13 of the Complaint, except avers that Plaintiff's salary was approximately $210,000 in 2012.

14. DIMA denies the allegations contained in Paragraph 14 of the Complaint, except admits that Richard Mamone and Oliver Poncet were Directors who reported to Mr. Riva at or around the same time that Plaintiff reported to Mr. Riva.

15. DIMA denies the allegations contained in Paragraph 15 of the Complaint except avers that in or around January 2015, Paul Blodgett replaced Mr. Riva as Plaintiff's supervisor and that he is 47 years old.

16. The allegations contained in Paragraph 16 of the Complaint assert a legal conclusion to which no response is required. To the extent that a response is required, DIMA denies the allegations contained in Paragraph 16 of the Complaint.

17. DIMA denies the allegations contained in Paragraph 17 of the Complaint except admits that in 2015, Mr. Blodgett reassigned approximately two employees to Vikram Mehra, approximately five employees to Blanton Neil, and approximately five members of the Guideline Coding team to Todd Phillips.  DIMA avers that eight members of the Boston Regulatory team were reassigned to Brian Binder prior to Mr. Blodgett becoming Plaintiff's manager in January 2015 and that the two members of the Jacksonville regulatory filings and document management team were reassigned to Christine Roesner after the termination of Plaintiff's employment with DIMA in April 2016.

18. DIMA denies the allegations contained in Paragraph 18 of the Complaint.

19. DIMA denies the allegations contained in Paragraph 19 of the Complaint.

20. DIMA denies the allegations contained in Paragraph 20 of the Complaint except admits that Mr. Blodgett communicated with Mr. Flores and Ms. Dalal at their desks, which were located in the vicinity of his office.

21. DIMA denies the allegations contained in Paragraph 21 of the Complaint.

22. DIMA denies the allegations contained in Paragraph 22 of the Complaint except:

a. Admits that Mr. Blodgett did not assign Plaintiff to work on the "delegation database project" and did assign the "delegation database project" to Todd Phillips;

b. Admits that Mr. Blodgett did not assign Plaintiff to be "Secretary to DIMA's business committees" and did assign Mr. Flores to be Secretary to certain committees;

c. Admits that Mr. Blodgett did not assign Plaintiff oversight of the "DIMA Client List" and did assign Alison Beattie to oversee the "DIMA Client list";

      d.      Admits that Mr. Blodgett did not assign Plaintiff to work on the "Bank Holding Company Project" and did assign Mr. Flores to work on the "Bank Holding Company Project";

      e.      Admits that Mr. Blodgett did not assign Plaintiff to work on the "ERISA Audit of DIMA retirement accounts" and did assign Ms. Dalal to work on the "ERISA Audit of DIMA retirement accounts" project;

      f.      Admits that Mr. Blodgett did not assign Plaintiff to work on the "Guideline Coding Group" but did assign Todd Philipps to work on the "Guideline Coding Group."

23.     DIMA denies the allegations contained in Paragraph 23 of the Complaint, except avers that the complete performance evaluation to which Plaintiff purports to refer is the best evidence of its meaning and contents.

24.     DIMA denies the allegations contained in Paragraph 24 of the Complaint except admits that Plaintiff's bonus was approximately $26,500 in 2014 and approximately $14,000 in 2015.

25.     DIMA denies the allegations contained in Paragraph 25 of the Complaint.

26.     DIMA denies the allegations contained in Paragraph 26 of the Complaint except admits that on or about April 18, 2016, DIMA communicated to Plaintiff that her employment would be terminated.

27.     DIMA denies the allegations contained in Paragraph 27 of the Complaint except admits that in 2015 and 2016, Plaintiff applied for internal roles with Defendant.

28.     DIMA denies the allegation contained in Paragraph 28 of the Complaint.

29.     DIMA denies the allegations contained in Paragraph 29 of the Complaint,

30. DIMA denies the allegations contained in Paragraph 30 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Sex Discrimination in Violation of EPA)

31. DIMA repeats and realleges its answers to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. DIMA denies the allegations contained in Paragraph 32 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Sex Discrimination in Violation of the New York Labor Law §194)

33. DIMA repeats and realleges its answers to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. DIMA denies the allegations contained in Paragraph 34 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Age Discrimination in Violation of NYCHRL)

35. DIMA repeats and realleges its answers to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. DIMA denies the allegations set forth in Paragraph 36 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Sex Discrimination in Violation of NYCHRL)

37. DIMA repeats and realleges its answers to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. DIMA denies the allegations contained in Paragraph 38 of the Complaint.

## DEFENSES

DIMA asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have as a matter of law. DIMA further avers that certain of Plaintiff's allegations are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional

defenses should the precise nature of Plaintiff's allegations become clear.

## FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that the Complaint fails to set forth a *prima facie* case of employment discrimination.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired evidence.

## FOURTH DEFENSE

Plaintiff is barred from recovery of some or all of the damages sought because they are not authorized by the EPA, the NYLL, the Administrative Code of the City of New York, the Constitution of the State of New York and/or the United States Constitution.

## FIFTH DEFENSE

Plaintiff's claims are not actionable because the employment decisions challenged in the Complaint were justified by legitimate, non-discriminatory and non-pretextual business reasons.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent any disparity in pay was due to unequal positions, or if equal positions, then the result of a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or a differential based upon bona fide factors other than sex, which were job related and consistent with business necessity.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that any allegedly comparable male employees who earned more than Plaintiff did not perform equal work, requiring equal skill, effort, and responsibility, under similar working conditions.

**EIGHTH DEFENSE**

DIMA neither engaged in the alleged discrimination, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination against Plaintiff.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**TENTH DEFENSE**

DIMA at all times, in all manners, acted in accordance with any and all duties and obligations under Federal laws and regulations and the laws and regulations of New York State and New York City.

**ELEVENTH DEFENSE**

DIMA made good faith efforts to comply with anti-discrimination laws, including but not limited to its anti-discrimination and anti-harassment policies and training programs.

**TWELFTH DEFENSE**

Subject to proof through discovery, Defendant's acts or omissions were made in good faith and were compliant with Federal, New York State and New York City laws and regulations, thus, DIMA did not commit any violation of the law, much less any willful violation of any law.

### THIRTEENTH DEFENSE

Subject to proof through discovery, and without conceding that the Plaintiff has suffered any damages, Plaintiff failed to mitigate her purported damages.

### FOURTEENTH DEFENSE

Subject to proof through discovery, and without conceding that the Plaintiff has suffered any damages, Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered.

### FIFTEENTH DEFENSE

Any damages purportedly sustained by Plaintiff were not proximately caused by DIMA.

### SIXTEENTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to liquidated damages, in that Plaintiff cannot demonstrate willful, intentional or deliberate conduct on the part of Defendant.

### EIGHTEENTH DEFENSE

The causes of action alleged or alluded to in the Complaint are frivolous, unreasonable and groundless, and, accordingly, DIMA should recover all costs and attorneys' fees incurred in defending this action.

### NINETEENTH DEFENSE

Assuming, *arguendo*, while vigorously denying, that Plaintiff experienced discriminatory treatment, Plaintiff's claims are barred because DIMA exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take

advantage of the preventive or corrective opportunities provided by DIMA or to avoid harm otherwise.

## Reservation of Rights

DIMA reserves its rights to amend this Answer as may become necessary or apparent during the course of discovery in this case.

WHEREFORE, DIMA prays that the Court enter judgment:

1. dismissing the Complaint on its merits and with prejudice;
2. granting to DIMA its costs, including attorneys' fees, incurred in this action; and
3. granting to DIMA further relief as the Court may deem just and proper.

Dated: New York, New York
       October 6, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Cameron Smith
    Cameron Smith
    casmith@seyfarth.com
    Karen Carbone
    kcarbone@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

Attorneys for Defendant
DEUTSCHE INVESTMENT
MANAGEMENT AMERICAS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2017, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to registered CM/ECF users in this case: Jason L. Solotaroff, jsolotaroff@gslawny.com and Aliaksandra Ramanenka, aramanenka@gslawny.com, GISKAN, SOLOTAROFF & ANDERSON LLP, 217 Centre Street, 6th Floor, New York, New York 10013.

                                              __/s/ Cameron Smith_____
                                              Cameron Smith
casmith@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendant
DEUTSCHE INVESTMENT
MANAGEMENT AMERICAS,
INC.