SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5605

Writer's e-mail
casmith@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

May 23, 2018

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Room 2101
Foley Square
New York, NY 10007

Re: Patricia DeFilippis v. Deutsche Investment Management Americas, Inc.; 1:17-cv-06231

Dear Judge Oetken:

I represent Defendant Deutsche Investment Management Americas, Inc. ("DIMA" or "Defendant"). I write in response to Plaintiff's May 23, 2018 letter motion for a conference regarding DIMA's proposed subpoena to JP Morgan Chase. During a telephone call on May 17, 2018, Ms. Ramanenka stated that Plaintiff was no longer employed by JP Morgan Chase and that she would begin working for a different company in Washington D.C. on Monday May 21, 2018. Ms. Ramanenka could not provide any information regarding the circumstances under which Plaintiff's employment at JP Morgan Chase had ended or when it ended. Plaintiff has not supplemented her discovery to provide information regarding her compensation at JP Morgan Chase in 2018 or the termination of her employment.

I served opposing counsel with notice of a proposed subpoena to JP Morgan Chase on May 21, 2018. At her deposition yesterday, Plaintiff testified that she remains an employee of JP Morgan Chase, but that she will start a new job in Washington D.C. on May 29, 2018. She testified that she will no longer be an employee of JP Morgan Chase as of May 29, 2018. In light of the information learned yesterday, contrary to her attorneys' representation on May 17, 2018, that Plaintiff will remain an employee of JP Morgan Chase through May 29, 2018, DIMA is withdrawing the subpoena. DIMA's proposed subpoena was not designed to harass Plaintiff. I served notice of a subpoena designed to obtain information directly relevant to DIMA's defenses and Plaintiff's damages, and based on Ms. Ramanenka' s statement that Plaintiff no longer worked at JP Morgan Chase.





The circumstances under which Plaintiff's employment at JP Morgan Chase ended or will end are relevant to DIMA's defenses to Plaintiff's claims and her damages, and may negate her ability to collect front pay from Deutsche Bank for the thirteen year period specified in her Second Amended Initial Disclosures. DIMA will consider serving a subpoena on JP Morgan Chase after May 29, 2018. I disagree with Plaintiff's arguments regarding the relevance of the information that DIMA may seek from JP Morgan Chase pursuant to a subpoena, but any dispute regarding these issues is hypothetical given that I have withdrawn the subpoena.

Respectfully Submitted,

SEYFARTH SHAW LLP

_/s/ Cameron Smith__________

Cameron Smith, Esq.
Karen Carbone, Esq.
620 Eighth Avenue
New York, NY 10018
csmith@seyfarth.com
kcarbone@seyfarth.com
*Attorneys for Defendant*